IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JOHN WAYS,

Petitioner,

vs.

UNITED STATES OF AMERICA, and CHIEF U.S. PROBATION OFFICER FOR THE DISTRICT OF NEBRASKA, The;

Respondents.

4:25CV3236

MEMORANDUM AND ORDER

This matter is before the Court on initial review of Petitioner John Ways' ("Ways" or "Petitioner") Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Filing No. 1. The Court conducts this initial review of the petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* which allows the Court to apply Rule 4 of those rules to a section 2241 action. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief," the Court must dismiss the petition. Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

## I. BACKGROUND

Ways filed his petition on November 17, 2025, and "challenges the legality of custody, restraint, and collateral consequences flowing from a conviction and sentence imposed by the United States District Court for the District of Nebraska" in *United States of America v. John Ways, Jr.*, Case No. 8:12CR391. Filing No. 1 at 1–2. In case number 8:12CR391, Ways was found guilty on counts I, II, and III of the superseding indictment on August 27, 2014, and was sentenced to 36 months on count I and 180 months each

on counts II and III, to run concurrently, followed by concurrent terms of supervised release of one year on count I and three years each on counts II and III.  Filing No. 716, Case No. 8:12CR391.  He filed a motion under 28 U.S.C. § 2255, which the Court denied on February 21, 2023.  Filing No. 986, Case No. 8:12CR391.

In his petition, Ways alleges he is actually innocent because he was convicted of offenses involving alleged controlled substances that were "not federally scheduled under the Controlled Substances Act" at the time of the conduct alleged in the indictment, Filing No. 1 at 2, and the government's failure to disclose the correct Federal Register scheduling constitutes a *Brady* violation, *Id*. at 3.  Ways, who is currently on supervised release, seeks a writ of habeas corpus discharging him from all restraints arising from Case No. 8:12CR391 and to vacate his judgment and convictions.  *Id*. at 7.

## II.  DISCUSSION

Upon review and for the reasons that follow, Ways' habeas petition must be dismissed for lack of jurisdiction.

"Federal inmates typically must challenge a conviction or sentence through a § 2255 motion to vacate."  *Crayton v. United States*, 27 F.4th 652, 654 (8th Cir. 2022).  A federal inmate "cannot use § 2241 to challenge the conviction without first showing that § 2255 would be inadequate or ineffective."  *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004).  As the saving clause in § 2255 provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

2

28 U.S.C. § 2255(e). The Eighth Circuit has "previously interpreted this provision to allow petitioners to seek relief under § 2241 if the petitioner shows he had no earlier opportunity to present his claims." *Crayton*, 27 F.4th at 655 (citing *Lee v. Sanders*, 943 F.3d 1145, 1147 (8th Cir. 2019); *Abdullah*, 392 F.3d at 963). If a petition fails to demonstrate the inadequacy or ineffectiveness of the § 2255 remedy, then the petition must be dismissed for lack of subject matter jurisdiction. *Id*.

Here, Ways cannot satisfy his burden of proving that his remedy under § 2255 was inadequate. Ways alleges he became aware of his claims in 2015, well before he filed his § 2255 motion in Case No. 8:12CR391. *See* Filing No. 1 at 3; Filing No. 755, Case No. 8:12CR391 (§ 2255 motion filed Jan. 12, 2018). Indeed, Ways raised similar claims regarding mis-identification of substances as Schedule I controlled substances in his § 2255 motion and in motions to dismiss filed while his § 2255 motion was pending. Filing No. 755 at 10, Filing No. 779, & Filing No. 780, Case No. 8:12CR391. Section 2255 "is not inadequate or ineffective where a petitioner had any opportunity to present his claim beforehand." *Lee*, 943 F.3d at 1147 (internal quotation marks and citation omitted). "Furthermore, § 2255 is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied . . . ." *Abdullah*, 392 F.3d at 959.

In addition, Ways' "motion is effectively a second § 2255 motion dressed up as a § 2241 motion," for which he must obtain permission from the Court of Appeals to file. *Fleming v. United States*, 755 F. Supp. 2d 1019, 1025 (D. Neb. 2010) (citing 28 U.S.C. § 2255(h); *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir.2005) ("It is well-established that [defendants] may not bypass the authorization requirement . . . for filing a second or successive . . . action by purporting to invoke some other procedure."). The

Court cannot entertain a "second or successive" § 2255 motion absent a certification from the Court of Appeals verifying that the motion contains "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); *see also* 28 U.S.C. § 2244(b)(3). Without pre-approval from the Court of Appeals, this Court cannot exercise jurisdiction over what is effectively Ways' second or successive § 2255 motion. *See Boykin v. United States*, 242 F.3d 373, 2000 WL 1610732, at *1 (8th Cir. 2000).

### III. CERTIFICATE OF APPEALABILITY

Finally, 28 U.S.C. § 2253, which requires a district court to consider whether to issue a certificate of appealability ("COA") on appeal, applies to appeals from the denial or dismissal of habeas petitions under 28 U.S.C. § 2254, habeas petitions by state prisoners under 28 U.S.C. § 2241, and motions to vacate sentence by federal prisoners under 28 U.S.C. § 2255. However, a federal prisoner appealing the denial or dismissal of a § 2241 petition is not required to obtain a COA. *Langella v. Anderson*, 612 F.3d 938, 939 n.2 (8th Cir. 2010) (citing *Murphy v. United States*, 199 F.3d 599, 601 n.2 (2d Cir. 1999)). *See also Montez v. McKinna*, 208 F.3d 862, 866-67 (10th Cir. 2000) (A COA is required to appeal "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" or "the final order in a proceeding under section 2255;" thus, a state prisoner needs a COA to appeal a § 2241 or § 2254 judgment, but a federal prisoner needs a COA only for a § 2255 appeal, not §

4

2241.).   Construing the petition as one brought under § 2241, and because Ways is presently on federal supervised release and challenged only his federal custody, the Court determines that Ways is exempt from the COA requirement.

To the extent a certificate of appealability may be required, the Court declines to grant one as the issues are not debatable among reasonable jurists and do not deserve further proceedings.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).

## IV.  CONCLUSION

Based on the foregoing, it plainly appears from the petition and records that Ways is not entitled to relief under 28 U.S.C. § 2241, and the Court will dismiss Ways' petition for lack of jurisdiction.

IT IS THEREFORE ORDERED that: Petitioner John Ways' habeas petition, Filing No. 1, is denied and dismissed for lack of subject matter jurisdiction.  No certificate of appealability will issue.  The Court will enter a separate judgment.

Dated this 20th day of April, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge